**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5055**

WRITER'S EMAIL ADDRESS
**briancannon@quinnemanuel.com**

July 9, 2025

Jarrett B. Perlow
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 2024-1346

Dear Mr. Perlow:

The Court should not consider Teva's unsolicited July 8, 2025 submission because it is neither supplemental authority under Rule 28(j) nor permitted by the panel. If the Court considers Teva's submission, Teva is wrong in several respects.

*First*, Corcept did not waive the issue of Teva choosing to copy verbatim Corcept's label, including the patented methods. Corcept noted this in its opening brief. Dkt. 9 at 19. Teva could have argued it had to copy the entire label in its responsive brief, but it did not. In reply, Corcept noted "Teva does not dispute that it then copied the 2019 Korlym® label verbatim" and "[t]his is not a case where Teva seeks to carve out the infringing use." Dkt. 16 at 1. The discussion at oral argument naturally flowed from these positions, and it was up to Teva to make its arguments to the Court at that time. If any party waived, Teva did.

*Second*, Teva does not dispute that it *could have* sought alternate labeling. Instead, Teva argues FDA would likely not approve a label omitting the patented methods because it would "render the proposed drug product less safe." Dkt. 49 at 2. This cannot be squared with Teva's position that doctors will never practice the patented methods. Teva also could have sought FDA approval to use the original 2012 label. *See, e.g.,* Docket No. FDA-2008-P-0069-0010, available at https://www.regulations.gov/document/FDA-2008-P-0069-0010 (generic labeling allowed that was "essentially the same as the labeling with which Camptosar was originally approved [because] Camptosar was safely marketed with only this labeling for approximately 4 years.")). There is no record evidence, however, that Teva even tried to seek approval for alternate labeling.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Teva chose to copy the label verbatim, and the result of that choice—an ANDA label recommending the patented methods—dictates the inquiry. *See Sunovion Pharms. v. Teva Pharms.*, 731 F.3d 1271, 1280 (Fed. Cir. 2013) (evidence outside the ANDA cannot "override" the ANDA); *Par Pharm. v. Eagle Pharms.*, 44 F.4th 1379, 1384 (Fed. Cir. 2022) (where the ANDA "directly and unambiguously address[es]" the infringement inquiry, "the inquiry begins and ends with [the] ANDA").

Very truly yours,

/s/ *Brian Cannon*

Brian Cannon