

J.C. ROZENDAAL
DIRECTOR
202-772-8747
FAX: 202.371.2540
JCROZENDAAL@STERNEKESSLER.COM

June 9, 2026

Jarrett B. Perlow                                                                              *Via CM/ECF*
Circuit Executive & Clerk of the Court
United States Court of Appeals
 for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re:      *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 24-1346

Dear Mr. Perlow:

On Teva's behalf, I respond to Corcept's letter of June 5 concerning *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, No. 24-889 (U.S. June 4, 2026).

*Hikma* addressed a claim under § 271(b), not § 271(e)(2). Unsurprisingly, it neither states nor implies anything about the extent to which outside-the-label evidence should be considered when evaluating a § 271(e)(2) claim. The sentence Corcept quotes—found in the opinion's background overview of the Hatch-Waxman Act—states that a Paragraph IV certification "gives the brand-name manufacturer the right to file a lawsuit against the generic manufacturer to determine the validity and scope of the patent." Slip Op. 3. It says nothing about what evidence should be considered when assessing those issues.

*Hikma*'s description of the Hatch-Waxman framework is fully consistent with the long line of precedent—including *Eli Lilly & Co. v. Medtronic*, *Inc.,* 496 U.S. 661 (1990); *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562 (Fed. Cir. 1997); and *Genentech, Inc. v. Sandoz Inc.,* 55 F.4th 1368 (Fed. Cir. 2022)—holding that a Paragraph IV certification provides a jurisdictional hook that allows a lawsuit to proceed before the generic product has been marketed without altering the substantive standards for infringement under 35 U.S.C. §§ 271(a), (b), and (c). *See* Teva Opp. 6-13. Indeed, *Hikma* favorably cites *Eli Lilly* in this overview. Slip Op. 3. Corcept's suggestion (at 1-2) that *Hikma* silently overruled *Eli Lilly* and announced a new rule that the mere existence of a paragraph IV certification establishes infringement strains credulity.

The Supreme Court's statement that liability for active inducement cannot be based on "speculation about how [others] may act" was an evident reminder not to impose infringement liability too broadly on generic manufacturers. Corcept's attempt to read into that statement a "confirmation" that generic manufacturers should be subjected to liability in Hatch-Waxman cases without any consideration of "outside-the-label evidence and induced-infringement standards" is not only implausible but gets the message precisely backwards.

Jarrett B. Perlow
Circuit Executive & Clerk of the Court
June 9, 2026
Page 2

To the extent *Hikma* is relevant, it confirms that plaintiffs alleging induced infringement need to prove direct infringement, *see* Slip Op. 4—which Corcept failed to do here.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

J.C. Rozendaal

*Counsel for Defendant-Appellee Teva Pharmaceuticals USA, Inc.*